ACCEPTED
15-24-00095-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/7/2025 6:12 PM
CHRISTOPHER A. PRINE
CLERK

# Court of Appeals Number: 15-24-00095-CV

RECEIVED IN
15TH COURT OF APPEALS
AUSTIN, TEXAS
2/7/2025 6:12:24 PM
CHRISTOPHER A. PRINE
Clerk

# Trial Court Case Number: D-1-GN-24-002025

| | |
|---|---|
| Edward Rudolph Turnbull, IV<br>v.<br>Commission for Lawyer Discipline, Daniela Grosz, Daniel Martinez, Seana Willing, John S. Brannon, Amanda Kates, Jenny Hodgkins, and the Board of Directors of the State Bar of Texas, Cindy V. Tisdale, Steve Benesh, Laura Gibson, Kennon Lily Wooten, et al. | IN THE COURT OF APPEALS<br><br>FIFTEENTH DISTRICT<br><br>AT AUSTIN, TEXAS |

**Letter addressed to the Court Clerk of the COA 15th District of Texas at Austin.**

The Public Integrity Section (PIN) is a section of the Criminal Division of the U.S. Department of Justice charged with combating political corruption at all levels of government through the prosecution of corrupt federal, state, and local elected and appointed public officials. (This kind of the charge of USDOJ, Criminal Division, Section Public Integrity Section, it includes appointed ex-officio officials, elected and appointed officers and public employees from Public Corporations located in any States of the United States and classified as State Administrative Agencies as part of one judicial department of one determined state government).

1

The Role Public Integrity Section (PIN) holds exclusive jurisdiction over prosecution of alleged criminal misconduct by federal judges, monitors the investigation and prosecution of election and conflict of interest crimes.

It consolidates into one unit the U.S. Department of Justice's oversight responsibilities for prosecuting criminal abuses of the public trust by elected and appointed government officials. In addition to prosecuting cases, PIN also advises and assists prosecutors and agents in the field in handling public corruption cases and having flagrant conflict of interests and practiced by state government employees.

The Administrative history of the Public Integrity Section was created in March 1976 in the wake of the Watergate scandal. Since 1978, it has supervised administration of the Independent Counsel provisions of the Ethics in Government Act of 1978, which requires the Attorney General to report to the United States Congress annually on the operations and activities of the Public Integrity Section. Annual reports to Congress since 1978 are available on the PIN's website. PIN's Election Crimes Branch was created in 1980 and supervises the U.S. Department of Justice's nationwide response to voter fraud, campaign financing offenses, and other election crimes.

See also: Public Integrity Section (official website), source: Public Integrity Section - Wikipedia

From state government level perspective for Public Integrity, there is Texas Department of Public Safety at Texas Rangers Public Corruption Unit and that is part of the Texas Rangers Specialized Programs to fight corruption in the state of Texas public service.

The 81st session of the Texas Legislature passed HB2086; this bill created the Public Corruption Unit within the Texas Department of Public Safety, under the responsibility of the Texas Ranger Division.

The Texas Rangers are committed to fighting public corruption, as it relates to public officials, law enforcement officers, and others that hold a position of public trust. Fighting corruption is vital to preserving the democracy.

Also, the Texas Department of Public Safety has the Texas Rangers Public Integrity Unit and that is also part of the Texas Rangers Specialized Programs and to fight corruption and malfeasance in the state of Texas public service.

The Texas Ranger's Public Integrity Unit is responsible for investigating crimes committed by state officers and state employees in the public service in the State of Texas.

In 2015, the 84th Texas Legislature passed House Bill 1690, which created a Public Integrity Unit within the Texas Ranger Division of the Texas Department of Public Safety to investigate offenses against public administration.

About the Appellee's Response Brief and signed by the Deputy Administrative Counsel Royce LeMoine of the Office of the Chief Disciplinary Counsel of the State Bar of Texas at Austin's Headquarters Office.

The Appellee's Response Brief shows clear conflict of interests and traffic of influence in relation the Turnbull's grievance complaints assigned and summarily dismissed and being motive for one Public Integrity Investigation and from the part of the Travis County Criminal District Attorney Office located in Austin, Travis County, Texas or by the Office of the Attorney General of Texas and to protect the public in general.

Royce LeMoine is not diffident to mention in his Appellee's Response Brief and for many times, the name of the Respondent Attorneys' Client of showing a clear conflict of interest and traffic of influence and why the Office of the Chief Disciplinary Counsel of the State Bar of Texas has summarily dismissed the grievance complaints assigned and from the Complainant Turnbull.

Also, Royce LeMoine is not diffident to mention in his Appellee's Response Brief that the so-called investigation and supposedly done has not been done in fact in Bona Fide and that the subordinated employee of the Office of the Chief Disciplinary ("OCDC") weighted clearly about the influence of the Respondent Attorneys and representing a big corporation and to recommend the summary

dismissal and from two Respondent Attorneys as subject of the grievance complaints assigned by the Office of the Chief Disciplinary Counsel ("OCDC").

Also, Royce LeMoine hypocritically comments that the self regulated attorney disciplinary system adopted by the State Bar of Texas is "*transparent*" and circumventing flagrantly that the same self regulated system is absolutely secretive and when the grievance complaints are dismissed for "*no just cause*" by one Summary Disposition Panel ("SDP") of one grievance committee district of the State Bar of Texas and having been previously determined by one subordinated employee of the Office of the Chief Disciplinary Counsel of the State Bar of Texas to be placed in one summary disposition docket and subsequently submitted for one "*Bobble Heads*" panel called Summary Disposition Panel ("SDP") of the grievance committee district of the State Bar of Texas and to keep the appearance for a summary dismissal for "*no just cause*" and from valid grievance complaints assigned and previously determined by the Chief Disciplinary Counsel at Austin's Headquarters Office of the State Bar of Texas and containing flagrant substantial allegations for violations of the Texas Disciplinary Rules for Professional Conduct (TDRPC) and having been determined by the classification attorneys' staff of the Office of the Chief Disciplinary Counsel at Austin's Headquarters Office and that is part of one statewide public corporation administrative structure organization and also being one statewide administrative agency as part of the judicial

department of the state government in the State of Texas and still being one Statewide Attorneys Texas Trade Association.

Royce LeMoine circumvented the role of the subordinated employee of the Office of the Chief Disciplinary of the State Bar of Texas and that is the concealed **decision maker** about the grievance complaint assigned and supposedly investigated and of which should be placed before one summary disposition docket and to be submitted before one Summary Disposition Panel ("SDP") of one Grievance Committee District of the State Bar of Texas or placed in one investigatory administrative docket and to be submitted before one Investigatory Administrative Panel of the Grievance Committee District of the State Bar of Texas. In practical manner the decision is executed in this phase of the administrative quasi judicial adjudicatory proceeding in the Office of the Chief Disciplinary Counsel of the State Bar of Texas.

Royce LeMoine simply jumped in his hypocritical narrative about this stage of the administrative quasi judicial adjudicatory proceeding and between one grievance complaint assigned and supposedly investigated and before to be placed such grievance complaint assigned and supposedly investigated before one specific panel of the Grievance Committee District of the State Bar of Texas and where one subordinated employee of the Office of the Chief Disciplinary Counsel decides in fact all destination of the grievance complaint assigned and supposedly

investigated by one regional investigator of one regional office of the CDC of SBOT and also being served as "Chief Disciplinary Counsel" in the inner circle of cronies' cartel.

When one subordinated employee of the CDC of SBOT decides to place a valid grievance complaint assigned and supposedly investigated in one summary disposition docket and to be submitted to one Summary Disposition Panel ("SDP") of one Grievance Committee District of the State Bar of Texas and for one perfunctory and rubber stamping review of the summary disposition docket placed, then such CDC's employee has exercised in fact one *discretionary decision* and technically and in one concealed way, he decided that such grievance complaint assigned and supposedly investigated should be summary dismissed as "*no just cause*" and being placed in one "Bobble Heads" Panel called Summary Disposition Panel ("SDP") and to execute a perfunctory and rubber stamping review decision for summary dismissal for "*no just cause*" and affirming what the employee of CDC Office has recommended and placed in one summary disposition docket with one regional office of the CDC of SBOT.

According to Turnbull's attorney opinion of Mr. Gaines West, such Summary Disposition Panel ("SDP") process is a sham and done in one absolute secretive way and with zero of transparency to Complainant, Respondent and the public in

general review and despite that there is the Open Meeting Act in Texas and for transparency in one open and democratic government.

Also, according to Turnbull's attorney opinion of Mr. Gaines West, the CDC's subordinated employee has committed Ultra Vires act and having overstepped his ministerial duty constraints as serving as Chief Disciplinary Counsel's subordinated employee and allotted in one Regional Office of the Chief Disciplinary Counsel of the State Bar of Texas about the grievance complaint assigned and supposedly investigated by one regional investigator of the Regional Office of the CDC of SBOT.

In practical manner, what it happens when one Grievance Complaint assigned and supposedly investigated is placed in one summary disposition docket and to one Summary Disposition Panel ("SDP") of one Grievance Committee District of the State Bar of Texas to review and decide about the CDC's subordinated employee's recommendation for summary dismissal for "*no just cause*"; it is one perfunctory and rubber stamping process to keep the appearances and affirming the CDC's subordinated employee's recommendation for summary dismissal for "*no just cause*" and of which the Turnbull's Attorney Gaines West has clearly written that is a sham process the Summary Disposition Panel ("SDP").

**Sham process means fraudulent process** and being for this reason motive to open one criminal investigation by the Texas Rangers Public Integrity Section

for corruption and malfeasance committed by state government employees in one statewide public corporation in Texas.

Fraud is typified by the Texas Penal Code as offenses against property in the Chapter 32 for Fraud. (2) "Property" means: C) a document, including money, that represents or embodies anything of value. (3) "Service" includes: (A) labor and professional service; Sec. 32.22. CRIMINAL SIMULATION: (a) A person commits an offense if, with intent to defraud or harm another. CHAPTER 31: THEFT Sec. 31.01: DEFINITIONS.  In this chapter: (1)  "Deception" means: (A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true; (B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true; (C) preventing another from acquiring information likely to affect his judgment in the transaction; (E) promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.

According to Attorney Robert S. Bennett and with public opinion addressed to the Texas Legislative Agency called Sunset Advisory Agency of the Legislative Branch of the State Government in the State of Texas and dated on 06/20/2016 about the examination of the Sunset Staff Report findings issued about the State Bar of Texas; Mr. Bennett wrote in his public opinion that the State Bar of Texas Grievance System miss accountability and transparency to the public in general. Source: Report Response Bennett_R

He wrote: "***The vast majority of Bar members see the grievance system as targeting only solo practitioners and small firms.*** *Any attorneys with a sophisticated practice or a larger firm have little to worry about from the OCDC*". Title: Attorney and Counselor at Law; Adjunct Professor Lone Star College - North Harris County Houston and that he is an affiliated and having hosted on internet, one FACEBOOK's website called: **Hold the OCDC Accountable**, and whose public commentary has been dated on 06/15/2016 and addressed to: Sunset Advisory Commission, Subject: Public Input Form for Agencies under Review (Public/After Publication) Agency: STATE BAR TEXAS, Public Commentary. Also, he hosts one web site called **State Bar of Texas Sunset Discussion Group** and one website called: **Texas Bar Sunset.com** Texas Bar Sunset.com: Scandals! Lawfare, greed and corruption at the State Bar of Texas and where he has reported the grand thief perpetrated by one State Bar of Texas' former membership director

called Kathy Holder for misappropriation funds paid by the members of the State Bar of Texas and that the Texas Bar did not disclose Ms. Holder's embezzlements to the state legislature's Sunset Commission as a state legislative commission that is in charge to overall supervise accountability, transparency, efficiency and fraud in the state government agencies.

Also, Mr. Bennett has reported in 2016 about the annual salaries paid to the SBOTs employees and ex-officio officials and paid by the members of SBOT and where the Chief Disciplinary Counsel ("CDC") and mainly the Executive Director earns an annual salary that is much bigger than the Governor of the State Texas earns as elected state public officer annual salary in Texas.

Definitively, the State Bar of Texas does not have clean hands and there is no transparency in the administrative quasi judicial adjudicatory proceedings assigned in this statewide public corporation, also being one statewide administrative agency and one statewide attorneys Texas trade association.

The Supreme Court of Texas as state judicial agency administratively has control of the statewide administrative agency of the State Bar of Texas and having delegated power to the Board of Officers and Directors of the State Bar of Texas to administer and to enforce the Texas Disciplinary Rules for Procedure and for

11

Professional Conduct and to be in compliance with the statutory provisions of the state statute "State Bar of Texas" and codified by the Texas Government Code.

Unfortunately, as one self regulated and independent quasi state entity, it enjoys of the unaccountability and it is not supervised by the State Auditor and there is no one Texas Office of Inspector General and to overall supervise the efficiency, fraud and waste of resources and because such quasi state entity is not under the coverage of the Public Appropriations Act of the Texas Legislative Body and it is one quasi state entity paid by the members of the State Bar of Texas, but at the same time, all SBOT's employees enjoy with multiple immunities as State Government Employees and not paid by the State of Texas, but in fact by the Respondent Attorneys as subject for grievance complaints assigned.

Also, the Chief Disciplinary Counsel is one unelected apparatchik as appointed ex-officio official unclassified employee in this statewide public corporation.

The people of Texas does not elect the Chief Disciplinary Counsel ("CDC") and to hold one statewide public office as public office holder as State Level Public Official and in charge to receive the grievance forms submitted by the Citizens in Texas and whose Office of the Chief Disciplinary Counsel ("OCDC") has been created to protect the public and against crook attorneys in Texas.

Also, the unelected CDC with her 06 figures annual salary and generous benefits is paid by the Respondent Attorneys as subject for Grievance Complaints and having a flagrant conflict of interest and traffic of influence, and at this point Seana Beckerman Willing as unclear incumbent Chief Disciplinary Counsel ("CDC") (it is unclear if she is a legitimate office holder) has admitted in one public interview conceded by one Podcast Law Firm website located in Austin, Texas that if the Respondent Attorney as subject of the grievance complaint respond about the grievance complaint assigned, **then it is almost certain a summary dismissal of the grievance complaint assigned** and supposedly investigated and being placed in one "Bobble Heads" Panel called Summary Disposition Panel ("SDP") of one grievance committee district of SBOT.

That is a damn public confession of sham process and of which the Attorney Gaines West has already written in his pleadings with this court.

How is possible to have an impartial and with integrity administrative quasi judicial adjudicatory proceeding in this corrupt and conflict of interest inner circle of cronies' cartel?

Royce Le Moine hypocritically suggest to the Turnbull's Attorney Gaines West to file proposed changes of the Texas Disciplinary Rules for Professional Conduct and Procedure with the Committee on Disciplinary Rules and Referenda and of

which has been created by the 2017 Texas legislature in Senate Bill 302. This Committee consists of nine members, including seven attorneys and two non-attorneys as public members. The functionality of this Committee is to regularly review the Texas Disciplinary Rules of Professional Conduct and the Texas Rules of Disciplinary Procedure and at least annually issue to the Supreme Court and the Board of Directors a report on the adequacy of the rules; and oversee the initial process for proposing a disciplinary rule.

The Committee on Disciplinary Rules and Referenda of the State Bar of Texas has a functionality as one legislative body in the State Bar of Texas and to create or modify or repeal the Texas Disciplinary Rules for Professional Conduct and Procedure and of which must have the consent by the Board of Directors votes, and subsequently one Referendum with the members of the State Bar of Texas votes and after being submitted to the Supreme Court of Texas for review and promulgation of the changes of the rules, modification, creation of new rules or to repeal old rules.

It is not job of the Committee on Disciplinary Rules and Referenda of the State Bar of Texas to supervise the acts committed by Officers, Officials, Directors, Ex-Officio Officials and any employees of the State Bar of Texas as statewide public corporation and that eventually commit malfeasances and doing something illegal or wrong in the administrative quasi judicial adjudicatory proceedings assigned or

misfeasance and when someone does something legal, but making in a wrong way in the administrative quasi judicial adjudicatory proceedings assigned or nonfeasance and when someone failed to do something that should have been done and resulting in harm or damage to Complainant of one valid grievance complaint assigned with the Office of the Chief Disciplinary Counsel of the State Bar of Texas.

The Committee on Disciplinary Rules and Referenda of the State Bar of Texas does not have the power to supervise the accountability of the Office of the Chief Disciplinary Counsel of the State Bar of Texas.

This job is supposed to be in charge with the Commission for Lawyer Disciplinary ("CFLD") and that is in charge and according to Texas Disciplinary Rules Procedure to supervise the accountability of the Chief Disciplinary Counsel of the State Bar of Texas and this part of the story, Mr. Royce Le Moine did not write in his Appellee's Response Brief and one half true story, it is a misleading story and Mr. Le Moine acted in bad faith in his Appellees' Response brief in this court and having suppressed valid information to this court about the truly administrative structure of the State Bar of Texas.

Also, in practical manner, the Commission for Lawyer Discipline ("CFLD") is one decorative adorn in the administrative structure of the State Bar of Texas to

15

supervise the accountability of the Chief Disciplinary Counsel ("CDC") and because they not act in fact to verify the accountability of the Chief Disciplinary Counsel ("CDC") and due to the political inner circle of cronies' cartel system and that is the State Bar of Texas.

According to the Texas Disciplinary Rules Procedure, the Commission for Lawyer Discipline ("CFLD") is in charge to supervise the accountability of the Chief Disciplinary Counsel ("CDC") of the State Bar of Texas and after having to report to the Board of Officers and Directors of the State Bar of Texas about the accountability of the Chief Disciplinary Counsel ("CDC") and the Board of Officers and Directors of the State Bar of Texas must report annually to the Supreme Court of Texas as state judicial agency that administratively control the statewide administrative agency of the State Bar of Texas.

In other words, the rules exist, but are not enforced by the individuals that were appointed by the President of the Board of Officers and Directors of the State Bar of Texas and existing a total nonfeasance in the administrative structure of the State Bar of Texas as statewide public corporation and statewide administrative agency as part of the judicial department of the state government in the State of Texas.

Nonfeasance is a failure to perform an act and that is required by law and that is clearly claimed by the Turnbull's Attorney Gaines West in this claim. The Chief Disciplinary Counsel ("CDC"), the Commission for Lawyer Discipline ("CFLD"), the Board of Officers and Directors and the SBOT employees have committed nonfeasance in their functionalities. The elements that constitute nonfeasance include: 1.Their must be **a duty of care** owed by one person to another; 2.Their must be **a failure to do such duty**; and 3.Their must be **a failure resulting from such failure.**

Turnbull's claim has met all elements that constitute nonfeasance and to be characterized as Ultra Vires Act and committed by individuals that are in charge in the State Bar of Texas and to administer and to enforce the current Texas Disciplinary Rules for Professional Conduct and Procedure.

The word nonfeasance is described by the Black's Law Dictionary Second Edition as a failure to act when one is under a duty to act about the neglect or failure of a person to do some act which he ought to do. The term is not generally used to denote a breach of contract, but rather the failure to perform a duty towards the public whereby some individual sustains special damage.

The Chief Disciplinary Counsel ("CDC") failed to comply with her ministerial duties and to handle properly the grievance complaint assigned.

She committed Ultra Vires Act in her functionality in her individual and official capacity and having flagrantly violated the statutory provisions of the state statute "State Bar Act" and codified by the Texas Government Code and of which has been enacted by the Texas Legislative Body of the state government of the State of Texas.

She betrayed her Sworn Attorney's Oath Affidavit and the she betrayed her sworn Oath of Office Affidavit and betrayed the public trust and being that she is in charge to protect the public and not to betray the public.

Her function is to supervise all subordinated CDC's employees of all offices of the CDC of SBOT, and including Royce Le Moine as Deputy Administrative Counsel of the Austin's Regional Office of the Chief Disciplinary Counsel of the State Bar of Texas and located at Austin's Headquarters Office of SBOT.

That is a clear Ultra Vires Act perpetrated by the Chief Disciplinary Counsel ("CDC") of the State Bar of Texas and having the Commission for Lawyer Discipline ("CFLD") pampered the CDC's acts of nonfeasance and with a total leniency as common part of the culture of the State Bar of Texas and constituted as an inner circle of cronies' cartel in one secretive organization.

The last annual open public meeting of the Board Executive Committee and held in January 9, 2025, the elected President / Officer, the elected Vice President / Officer, the Former Elect President Officer, the Chair of the Executive Committee,

the Chair of the Board of Officers and Directors, also the Chairperson of Discipline Committee of the Executive Committee, all kept in complete silence and during all Open Public Meeting held and about the Turnbull's claims and preferring as customary culture of the State Bar of Texas to play ostrich.

Only this Court of Appeals can change this shameful situation of the total omission and negligence of the Board of Officers and Directors of the State Bar of Texas in relation the accountability of the Chief Disciplinary Counsel ("CDC") and the Commission for Lawyer Discipline ("CFLD") in relation of the so-called self regulated attorney disciplinary system adopted by the State Bar of Texas and promulgated by the Supreme Court of Texas.

# AMICUS CURIAE CITIZEN'S STATEMENT

In compliance with the Texas Rules Appellate Procedure (TRAP) Rule 11 (c); Amicus Curiae Citizen states that he did not receive any fee paid or to be paid for preparing the amicus curiae brief letter and filed via electronic filing EFILETX system in the case number assigned: 15-24-00095-CV and filed at the Court of Appeals 15th District of Texas at Austin.

Dated: February 7, 2025

Respectfully submitted,

*/s/Adriano Kruel Budri*
Adriano Kruel Budri
Amici Curiae Citizen
Email address: abudri64@gmail.com

# CERTIFICATE OF SERVICE

I certify that I served all parties to this appeal through the Court's electronic

filing system, including Appellant's and Appellee's counsel on 02/07/2025.

*/s/Adriano Kruel Budri*
Adriano Kruel Budri
Amici Curiae Citizen
Email address: abudri64@gmail.com

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 97144749
Filing Code Description: Letter
Filing Description: Letter addressed to the Court Clerk of the COA 15th District of Texas at Austin.
Status as of 2/10/2025 7:03 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Pat Mizell | | pmizell@velaw.com | 2/7/2025 6:12:24 PM | SENT |
| Billy SHart | | billy.hart@westwebblaw.com | 2/7/2025 6:12:24 PM | SENT |
| Jay Rudinger | | jay.rudinger@westwebblaw.com | 2/7/2025 6:12:24 PM | SENT |
| David Kitner | 11541500 | dkitner@clarkhill.com | 2/7/2025 6:12:24 PM | SENT |
| Jadd Masso | 24041411 | jmasso@clarkhill.com | 2/7/2025 6:12:24 PM | SENT |
| Royce Lemoine | 24026421 | royce.lemoine@texasbar.com | 2/7/2025 6:12:24 PM | SENT |
| Richard Huntpalmer | 24097857 | Richard.Huntpalmer@texasbar.com | 2/7/2025 6:12:24 PM | SENT |
| Gaines West | 21197500 | gaines.west@westwebb.law | 2/7/2025 6:12:24 PM | SENT |
| John Rudinger | 24067852 | jay.rudinger@westwebblaw.com | 2/7/2025 6:12:24 PM | SENT |
| Judd Stone | 24076720 | Judd@stonehilton.com | 2/7/2025 6:12:24 PM | SENT |
| Daniel Olds | 24088152 | dolds@clarkhill.com | 2/7/2025 6:12:24 PM | SENT |
| Brooke Noble | | bnoble@velaw.com | 2/7/2025 6:12:24 PM | SENT |
| Michael Graham | 24113581 | Michael.Graham@TEXASBAR.COM | 2/7/2025 6:12:24 PM | SENT |
| Emily Bamesberger | | ebamesberger@velaw.com | 2/7/2025 6:12:24 PM | SENT |
| Justin B.Cox | | jbcox@clarkhill.com | 2/7/2025 6:12:24 PM | SENT |
| Gaines West | | gaines.west@westwebblaw.com | 2/7/2025 6:12:24 PM | SENT |